IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JOHN L. CALVERT**, | Case No.: 3:09-cv-00213-JE |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| **WARDEN J.E. THOMAS**, | |
| Respondent. | |

Alison M. Clark
Assistant Federal Public Defender
101 SW Main St., Ste. 1700
Portland, OR 97204

      Of Attorneys for Petitioner

S. Amanda Marshall
United States Attorney
Ronald K. Silver
Assistant United States Attorney
1000 SW Third Ave., Ste. 600
Portland, OR 97204

      Of Attorneys for Respondent

**SIMON, District Judge**,

      On December 30, 2011, Magistrate Judge John Jelderks issued findings and

recommendations ("F&R"), Dkt. #59, in the above captioned case and referred them to this

court. Dkt. #60. Judge Jelderks recommended that this court deny the Petitioner John L. Calvert's ("Petitioner") Petition for Writ of Habeas Corpus, Dkt. #1, and enter a judgment dismissing this case with prejudice. Judge Jelderks also recommended that the court grant Petitioner a Certificate of Appealability.

Under the Federal Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Federal Magistrates Act, 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of an F&R to which neither party has objected, the Magistrates Act does not prescribe any standard of review: "There is no indication that Congress, in enacting [the Magistrates Act], intended to require a district judge to review a magistrate's report[.]" *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 540 U.S. 900 (2003) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and recommendations for "clear error on the face of the record."

Petitioner filed objections to Judge Jelderks' F&R, Dkt. #61, and Respondent Warden J.E. Thomas responded. Dkt. #62. On *de novo* review, the court ADOPTS Judge Jelderks F&R and DENIES the Petition for Writ of Habeas Corpus.

## BACKGROUND

The Spokane County Sheriff's Office arrested Petitioner on June 14, 1998, on state law charges of robbery and burglary. A Washington State court convicted Petitioner of both charges and on February 12, 1999, sentenced him to more than eight years of incarceration. Between the date of his arrest and the date of this sentencing, Petitioner was held in Spokane County Jail. After his sentencing, he was held in a Washington State prison.

On October 26, 1999, the United States Attorney for the Eastern District of Washington indicted Petitioner on four counts, all arising from the same conduct that resulted in his Washington State convictions. On November 22, 1999, the United States Marshals lodged a federal detainer. Petitioner was convicted of the federal charges. On June 28, 2001, a United States District Court sentenced Petitioner to 330 months incarceration, and he began serving his federal sentence that day. Following an appeal, on November 30, 2006, the sentencing court resentenced Petitioner to 270 months. On the Amended Judgment, the sentencing court wrote: "Court recommends that [Petitioner] receive credit for time served on this matter as well as the Washington State matter."

Pursuant to 18 U.S.C. § 3835(b), the federal Bureau of Prisons ("BOP") credited Petitioner with 243 days for the time he spent incarcerated in Spokane County Jail before the Washington State court sentenced him on February 12, 1999. The BOP did not credit Petitioner with the time he served from November 22, 1999, the date of the federal detainer, until the start of his federal sentence on June 28, 2001, because the BOP determined that "that time was credited against his state sentence." Dkt. #10-2, Declaration of John A. Farrar. Petitioner does not challenge the BOP's determination that the time he spent in state prison was credited against his state sentence.

In 2008, Petitioner wrote to the sentencing court regarding the BOP's determination that he would not receive credit against his federal sentence for the time he served in the Washington State prison.[1] The sentencing court construed Petitioner's letter as a motion to amend the judgment and denied it. Order Addressing Mr. Calvert's November 9, 2008 Letter ("2008 Order"), Dkt. #1. The sentencing court found that it did not have the authority to order the BOP to change its release date calculation and that a habeas petition was "the proper procedural vehicle to challenge a release date calculation." Nevertheless, the sentencing court observed that 18 U.S.C. § 3585(b) provided that Petitioner could receive credit for time served in state prison. The court wrote that the time Petitioner "spent in custody from November 22, 1999 (the date the federal detainer was entered . . .), to June 28, 2001 (the date the federal sentence was imposed . . .), is 'any time . . . spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence.' 18 U.S.C. § 3585(b)."

On July 21, 2011, Petitioner filed a petition for a writ of habeas corpus asking the court to recalculate his sentence based on 18. U.S.C. § 3585(b), the sentencing court's 2008 Order, and BOP guidelines. Dkt. #1. Judge Jelderks issued an F&R recommending that the court deny the petition. Dkt. #59.

### DISCUSSION

Petitioner advances four objections to Judge Jelderks F&R: (1) the F&R fails to describe all relevant facts; (2) Judge Jelderks incorrectly interpreted 18 U.S.C. § 3585(b); (3) Judge Jelderks failed to apply the Bureau of Prisons own policies; and (4) Judge Jelderks unreasonably found that Petitioner had failed to adequately plead his Administrative Procedures Act claim.

---

[1] There does not appear to be a copy of this letter in the record.

Underlying Petitioner's objections is his contention that, properly interpreted, § 3585(b) requires

BOP to credit Petitioner for his time served in state prison from February 12, 1999 until June 28,

2001. The court does not accept this interpretation. The court, therefore, adopts Judge Jelderks

F&R and denies the Petition for a Writ of Habeas Corpus.

## A.    Relevant Facts

Petitioner "objects to [Judge Jelderks'] failure to include the interrelated facts underlying

his state and federal offense conduct." Pet.'s Obj. at 2. Petitioner, however, may only object to

the magistrate's findings or recommendations. 28 U.S.C. § 636(b)(1) (party may "file written

objections to [the magistrate's] proposed findings and recommendations"). Judge Jelderks'

"failure to include the interrelated facts underlying his state and federal offense conduct" is

neither a finding nor a recommendation.

## B.    Interpretation of 18 U.S.C. § 3585(b)

Petitioner objects to Judge Jelderks' finding that § 3585(b) "clearly provides that a

federal defendant shall only be given federal sentencing credit toward prison time served which

has not been credited toward any other sentence." F&R at 6. 18 U.S.C. § 3585(b) provides:

> (b) Credit for prior custody.-- A defendant shall be given credit toward the service of a
> term of imprisonment for any time he has spent in official detention prior to the date the
> sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
>
> > (2) as a result of any other charge for which the defendant was arrested after the
> > commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Petitioner contends that the final clause, "that has not been credited against another sentence,"

only qualifies subsection (2). (For the sake of brevity, the court shall refer to the phrase "that has

not been credited against another sentence" as the "final clause.") Petitioner's term of

imprisonment in Washington State prison falls under subsection (1). Thus, under Petitioner's interpretation, the BOP must credit his term in state prison against his federal sentence, even though he has already received credit for that time against the state sentence.[2]

The court agrees with Judge Jelderks that the final clause plainly and unmistakably qualifies both subsections of § 3585(b). "The purpose of statutory construction is to discern the intent of Congress in enacting a particular statute." *United States v. Daas*, 198 F.3d 1167, 1174 (9th Cir. 1999). When "a statute speaks clearly to the issue at hand [courts] 'must give effect to the unambiguously expressed intent of Congress.'" *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003) (quoting *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984)). The final clause is set off from subsection (2) by a semicolon and a line break. Had Congress intended that the final clause only qualify subsection (2), it would have concatenated the final clause to subsection (2), placing it immediately following the word "imposed," without a line break. By setting the final clause off from subsection (2), Congress plainly intended the final clause to apply to both subsections.

Ordinarily, when the plain language of the statute resolves a question of statutory interpretation, the court "need not consult a statute's legislative history." *United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1143 (9th Cir. 2008).

---

[2] Petitioner suggests that the sentencing court interpreted the final clause to modify only subsection (2). *See* Pet.'s Obj. at 3 ("Judge Shea's interpretation of § 3585(b) as allowing concurrent sentencing credit for his state and federal sentences"), 4 ("sentencing court's interpretation of the statute") and 9 ("federal sentencing court's statutory interpretation of § 3585(b)"). The sentencing court, however, did not interpret § 3585(b). Although it recommended that the BOP give Petitioner credit for time served in state custody pursuant to §3585(b), it did not suggest an interpretation of the statute. In fact, the sentencing court may have made its recommendation because it was unaware that the time Petitioner spent in state custody had already been applied against his state sentence. *See* 2008 Order. In any event, Petitioner overstates the sentencing court's order.

Although § 3585(b) is unambiguous, it is, nonetheless, worth noting that the Senate Report on the Comprehensive Crime Control Act of 1984, which created § 3585(b),[3] makes clear that the final clause applies to either subsection:

> Subsection (b) provides that the defendant will receive credit towards the sentence of imprisonment for *any time* he has spent in official custody prior to the date the sentence was imposed where the custody was a result of the same offense for which the sentence was imposed or was a result of a separate charge for which he was arrested after the commission of the current offense. No credit would be given if *such time* had already been credited toward the service of another sentence. S. Rep. No. 98-225, at 3312 (1983) (emphasis added).

"Such time" in the last sentence refers back to "any time" in the first. "Any time" includes either time "where the custody was a result of the same offense for which the sentence was imposed," subsection (1), or time where the custody "was a result of a separate charge for which he was arrested after the commission of the current offense," subsection (2). Thus, Congress intended that the final clause apply to either category of time eligible for credit. *See also United States v. Wilson*, 503 U.S. 329, 333 (1992) ("the final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence'"); *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2nd Cir. 1998) (pursuant to the final clause, "a defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence"); *Rios v. Wiley*, 201 F.3d 257, 272 (3rd Cir. 2000), *superseded by statute on other grounds as stated in United States v. Saintville*, 218 F.3d 246, 247-48 (3rd Cir. 2000) (section 3585(b) limits "an award of credit for time served prior to the imposition of a federal sentence under section 3585(b) to instances where the time period was not spent in service of a previously imposed sentence and thus had not been credited against that earlier sentence").

---

[3]  *See* Pub. L. No. 98-473 (1984).

Petitioner, for his part, contends that the "last antecedent rule" "mandates" that the final clause applies only to subsection (2). Pet.'s Obj. at 6. Under the "last antecedent rule," a limiting clause "should ordinarily be read as modifying only the noun or phrase that it immediately follows[.]" *Barnhart*, 540 U.S. at 26. The final clause, however, does not "immediately follow" subsection (2). It is separated by both a semi-colon and a line break. "When, as in this case, the doctrine of the last antecedent is inconsistent with the plain language and the legislative history of the statute, a court must adhere to a logical plain reading of the statute." *American Fed'n of Gov't Employees, AFL–CIO, Local 2152 v. Principi*, 464 F.3d 1049, 1055 (9th Cir. 2006).

Petitioner also contends that the "distinct subparts in § 3585(b)(1) and (2) are rendered void and meaningless if the last line is applied to each subpart." Pet.'s Obj. at 5. This is so, Petitioner argues, because Congress would not have "employed subsection numbers and semi-colons to denote two-distinct types of custody, but intended those concepts to be indistinguishably ineligible for prior custody credit." *Id*. The court is unconvinced. Subsections (1) and (2) identify two distinct scenarios in which a defendant may be eligible for credit. Simply because the final clause identifies a condition that applies to both does not render either subsection superfluous. In fact, it would have been stranger for Congress to permit a defendant to receive credit against a sentence for time already credited against another sentence in one scenario and not in the other. Petitioner identifies no reason why Congress might have intended such an implausible outcome.

The court concludes, therefore, that the final clause qualifies subsection (1), as well as subsection (2), of § 3585(b). The BOP, therefore, correctly calculated Petitioner's federal sentence because the time he spent in state prison was credited against his state sentence.

/ / /

C.    **BOP's Own Policies**

Under 18 U.S.C. § 3621(b) and BOP Program Statement No. 5160.05,[4] the BOP may designate a state prison as the place where a prisoner serves his federal sentence. In some cases, a BOP designation that a prisoner serves his or her sentence at a state prison may have the effect of causing a federal sentence to run concurrently with a state sentence and thereby shorten the period of federal imprisonment. *See Reynolds v. Thomas*, 603 F.3d 1144, 1146 (9th Cir. 2010). In his third objection, Petitioner seems to argue that the BOP should have designated Washington State prison as the place where he began to serve his federal sentence. Pet.'s Obj.7- 9.

Petitioner's argument is unavailing. 18 U.S.C. § 3621(b) does not permit the BOP to backdate the commencement of Petitioner's federal sentence. Petitioner began serving his state sentence on February 12, 1999. The federal sentencing court did not sentence Petitioner until June 28, 2001. Although §3621(b) permits BOP to designate a state prison as the place where a prisoner serves a federal sentence, it does not permit the court or the BOP to order that a federal sentence commence before that sentence was imposed. *Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011) ("a federal sentence cannot commence until a prisoner is sentenced in federal district court").

D.  **APA Claims**

Finally, Petitioner renews his argument that the BOP's interpretation of § 3585(b) is "arbitrary and capricious." Pet.'s Obj. at 9. This argument, however, is nearly the same statutory construction argument advanced in Petitioner's second objection, recast as an Administrative Procedures Act argument. Petitioner can prevail on this claim only if he can establish that the BOP incorrectly interpreted § 3585(b). As explained above, however, the BOP's interpretation of

---

[4]  BOP Program Statement 5160.05 rescinded Program Statement 5160.04.

§ 3585(b) is correct. Congress plainly intended that the final clause qualifies both subsections. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984).

## CONCLUSION

For this reasons stated above, the court ADOPTS Magistrate Judge John Jelderks' Findings & Recommendations. Dkt. #59. The Petition for a Writ of Habeas Corpus, Dkt. #1, is DENIED. Petitioner is GRANTED a certificate of appealability.

IT IS SO ORDERED.

Dated this 5th day of March, 2012.


/s/ Michael H. Simon
_____
Michael H. Simon
United States District Judge